UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20207-CIV-O'SULLIVAN

[CONSENT]

ALIRIO ANTONIO ZAMBRANO,

    Plaintiff

v.

DOM & DOM PIZZA INC., d/b/a GINO'S PIZZA
and GIANCARLO MONTOYA,

    Defendants.
_____/

## ORDER

THIS MATTER comes before the Court on the Plaintiff's Motion for Entry of Final Judgment That Includes Imposition of Liquidated Damages (DE # 62, 3/16/12) and the Defendant Giancarlo Montoya's Memorandum of Law in Opposition to Plaintiff's Motion for Entry of Final Judgment That Includes Imposition of Liquidated Damages and Incorporated Motion to Extend Stay as to Him as Co-defendant (DE# 68, 4/25/12).

On March 16, 2012, the plaintiff filed the instant motion. See Plaintiff's Motion for Entry of Final Judgment That Includes Imposition of Liquidated Damages (DE # 62, 3/16/12). On April 16, 2012, the defendants filed a Suggestion of Bankruptcy (DE# 65, 4/16/12) advising the Court that the corporate defendant, Dom & Dom Pizza, Inc., filed a voluntary petition for bankruptcy in the Southern District of Florida. See Suggestion of Bankruptcy (DE # 65, 4/16/12). The Court entered a STAY as to the corporate defendant only. See Order (DE# 66, 4/16/12). On April 25, 2012, the individual defendant filed his response to the instant motion. See Defendant Giancarlo Montoya's

Memorandum of Law in Opposition to Plaintiff's Motion for Entry of Final Judgment That Includes Imposition of Liquidated Damages and Incorporated Motion to Extend Stay as to Him as Co-defendant (DE # 68, 4/25/12). The plaintiff filed a reply on April 30, 2012. See Plaintiff's Reply to Response to Motion for Entry of Final Judgment That Includes Imposition of Liquidated Damages (DE# 69, 4/30/12). This matter is ripe for consideration.

In the instant case, the jury returned a verdict in favor of the plaintiff and against the defendants in the amount of $25,000.00. See Jury Verdict (DE# 60, 3/13/12). The Court entered a final judgment in accordance with this verdict. See Amended Final Judgment (DE# 53, 3/13/12). The plaintiff now seeks to impose liquidated damages against the individual defendant[1] pursuant to 26 U.S.C. § 216(b). See Plaintiff's Reply to Response to Motion for Entry of Final Judgment That Includes Imposition of Liquidated Damages (DE# 69, 4/30/12). The individual defendant argues that the Court "should extend [the automatic] stay to him as well, and not resolve the issue of liquidated damages until such a time as that issue can be addressed as to both defendants." See Defendant Giancarlo Montoya's Memorandum of Law in Opposition to Plaintiff's Motion for Entry of Final Judgment That Includes Imposition of Liquidated Damages and Incorporated Motion to Extend Stay as to Him as Co-defendant (DE # 68, 4/25/12).

---

[1] The plaintiff initially sought liquidated damages against both defendants but now agrees that liquidated damages should only be imposed against the individual defendant because this matter is stayed as to the corporate defendant. See Plaintiff's Reply to Response to Motion for Entry of Final Judgment That Includes Imposition of Liquidated Damages (DE# 69 at 1, 4/30/12) (stating that the jury award should be liquidated as to the individual defendant).

The protection of the automatic stay does not apply to co-defendants who are not in bankruptcy. See Dewitt v. Daley, 336 B.R. 552, 556 (S.D. Fla. 2006) (noting that "the case law is clear that extending a stay to non-bankrupt co-defendants is done rarely, justified only in 'unusual circumstances'"). Here, the jury specifically found "[t]hat the defendant(s) either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Fair Labor Standards Act." See Verdict Form (DE# 60 at 1, 3/13/12). A "jury's finding of willfulness deprives the district court of any discretion to reduce liquidated damages based on its own finding of good faith." Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1166 (11th Cir. 2008). Accordingly, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Entry of Final Judgment That Includes Imposition of Liquidated Damages (DE # 62, 3/16/12) is **GRANTED in part and DENIED in part** and the Defendant Giancarlo Montoya's Memorandum of Law in Opposition to Plaintiff's Motion for Entry of Final Judgment That Includes Imposition of Liquidated Damages and Incorporated Motion to Extend Stay as to Him as Co-defendant (DE# 68, 4/25/12) is **DENIED** for the reasons stated herein. The undersigned will issue a separate Order entering an award of liquidated damages against the individual defendant.

DONE AND ORDERED, in Chambers, in Miami, Florida, this **1st** day of May, 2012.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record