UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20207-CIV-O'SULLIVAN

[CONSENT]

ALIRIO ANTONIO ZAMBRANO,

 Plaintiff

v.

DOM & DOM PIZZA INC., d/b/a GINO'S PIZZA
and GIANCARLO MONTOYA,

 Defendants.
_____/

## ORDER

 THIS MATTER is before the Court on the Plaintiff's Verified Motion for Attorney's Fees and Costs Pursuant to 29 U.S.C. §216(b) and Local Rule 7.3 and Request for a Fee Multiplier (DE# 63, 4/06/12). The parties jointly consented to Magistrate Judge jurisdiction on all matters pursuant to 28 U.S.C. §636(c), (DE# 19, 4/18/11). This matter was referred to the undersigned for trial pursuant to 28 U.S.C. §636(c), by the Honorable Adalberto Jordan on April 21, 2011 (DE# 21).

 On June 29, 2012, the defendants filed a Joint Response to the Motion for Fees and Costs (DE # 182). The plaintiff has not filed a reply. Having carefully considered the filings and law, the undersigned issues the following Order GRANTING in part and DENYING in part the Plaintiff's Verified Motion for Attorney Fees and Costs Pursuant to 29 U.S.C. §216(B) and Local Rule 7.3 and Request for a Fee Multiplier (DE# 63, 4/6/12).

## BACKGROUND

The plaintiff filed this lawsuit pursuant to the Fair Labor Standards Act 29 U.S.C. §§201-216 (FLSA). On March 13, 2012, a jury verdict was entered in favor of the plaintiff in this matter for unpaid overtime wages. The jury further found that the defendants acted willfully with respect to the violations of the FLSA. (DE# 60). The jury awarded the plaintiff $25,000.00.

## ANALYSIS

### I. Costs

The plaintiff is seeking costs pursuant to the Fair Labor Standards Act. Section 216 of the Fair Labor Standards Act directs the Court to award a prevailing plaintiff the costs of the action. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs other than attorneys' fees shall be allowed to the prevailing party unless the court otherwise directs. A "prevailing party," for purposes of the rule, is a party in whose favor judgment is rendered. See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1248 (11th Cir. 2002). This means the party who won at the trial level, whether or not that party prevailed on all issues and regardless of the amount of damages awarded. Choctawhatchee, 298 F.3d at 1248. The plaintiff prevailed in the present case because a jury awarded the plaintiff a sum of money for unpaid overtime wages in accordance with the FLSA, and found that the defendants acted willfully with respect to the violations of the FLSA. Moreover, a final judgment was entered in favor of the plaintiff in this matter. The plaintiff is entitled to receive all costs that are recoverable under 28 U.S.C. §1920. Specific costs which may be awarded are set forth

in Rule 54, Fed. R. Civ. P., and 28 U.S.C. § 1920, which states:

> A judge or clerk of any of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under §1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under §1828 of this title.

28 U.S.C. §1920.  In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs.  However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. §1920.  See EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

The Eleventh Circuit did not extend the costs recoverable under the Fair Labor Standards Act beyond those costs recoverable under 28 U.S.C. §1920. See Glenn v. General Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988)  Accordingly, the plaintiff is

only entitled to recover those costs they would be entitled to under 28 U.S.C. §1920. The plaintiff seeks to recover $2,004.85 in costs. In the Joint Response, the defendants indicated that the defendants have no objections to any of the costs requested in the Motion (See, "Response" DE # 182, at p. 3).

### A. Filing Fee and Fees for Service

The plaintiff seeks to recover $350.00 for the fee associated with the filing of the complaint, and $70.00 in costs for the service of process fees for two (2) defendants. These costs are permitted under 28 U.S.C. §1920. There is no objection to these costs. The undersigned finds that the plaintiff is entitled to receive **$420.00** for these costs.

### B. Court Reporter Fees

The plaintiff requests reimbursement in the amount of $1,054.85 in costs associated with court reporters in this matter. These costs are comprised of the Court reporter appearance fee for the deposition of Giancarlo Montoya in the amount of $200.00, the Court reporter fee for the deposition of Gary Manto in the amount of $125.00, the deposition of Angelo Montoya ordered for trial preparation in the amount of $236.05, the deposition transcript cost of Gian Carlos Montoya and Gary Manto in the amount of $280.80, and the deposition transcript and reporter fee for Rosa Ramirez in the amount of $213.00. These costs are permitted under 28 U.S.C. §1920(2) if the printed or electronically recorded transcripts were necessarily obtained for use in the case. There is no objection to these costs. The undersigned finds that the aforementioned deposition costs were necessarily obtained for use in the case, and the

plaintiff is entitled to receive **$1054.85** for these costs.

### C. Interpreter Fee for Trial

The plaintiff requests $180.00 for the use of an interpreter at trial in this matter. Costs for interpreters are permitted under 28 U.S.C. §1920(6). There is no objection to these costs. The undersigned finds that the costs associated with the interpreter are reasonable and recoverable and the plaintiff is entitled to receive **$180.00** for these costs.

### D. Mediation

In addition to the costs recoverable under 28 U.S.C. §1920, the plaintiff seeks to recover $350.00 for mediation expenses. There is no objection to these costs. However, reimbursement for costs associated with mediation is not expressly permitted under 28 U.S.C. §1920, and should not be awarded. Gary Brown & Assocs., Inc. v. Ashdon, 268 F. App'x. 837, 846 (11th Cir. 2008). "Even if the Court had the discretion to tax mediation costs, it would not tax them, 'reasoning that [mediation] expenses should be shared equally by the parties to promote good faith mediation without financial concerns for the costs of resolving a case.'" Rodriguez v. Super Shine & Detailing, Inc., No. 09-23051-CIV., 2012 WL 2119865, at *11 (S.D. Fla. June 11, 2012) (citing Rivera Santiago v. Wm. G. Roe & Sons, Inc., No. 8:07-1786-CIV., 2010 WL 2985695, at *2 (M.D. Fla. July 28, 2010). Moreover, Local Rule 16(2)(b)(7) provides, "[a]bsent agreement of the parties to the contrary, the cost of the mediator's services shall be borne equally by the parties to the mediation conference." The undersigned finds that the plaintiff is not entitled to recover costs associated with mediation and a

$350.00 reduction in the requested costs is warranted.

In sum, the plaintiff's cost request should be reduced by $350.00 for the mediation and accordingly, the plaintiff is entitled to a total cost award in the amount of **$1,654.85**.

## II. Attorney's Fees

### A. Entitlement to Attorney's Fees

The Fair Labor Standards Act clearly provides for the recovery of attorney's fees for a prevailing plaintiff. See 29 U.S.C. §216(b). The jury returned a verdict in favor of the plaintiff in this case, and therefore the plaintiff prevailed in the case at bar and is entitled to receive attorney's fees.

### B. Amount of Fee Award

Having determined that the plaintiff is entitled to an award of attorney's fees incurred in connection with the prosecution of this lawsuit, the undersigned next addresses the appropriate amount of that fee award.  In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services.  See Henesley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994).  These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar".  Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorney's fee.  See Blum v. Stenson, 465 U.S. 886, 888, 104 S. Ct. 1541,

1544 (1984).

                1. <u>Reasonable Hourly Rate</u>

      The Court must first evaluate the plaintiff's requested fee in terms of the appropriate hourly rate. In order to determine a reasonable and proper fee award, the court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services. <u>See</u> <u>Norman v. Hous. Auth. of Montgomery</u>, 836 F.2d 1292, 1299 (11th Cir. 1988). The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." <u>Blum</u>, 465 U.S. at 896. In determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." <u>Mallory v. Harkness</u>, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (<u>citing</u> <u>Dillard v. City of Elba</u>, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993)).

      The plaintiff requests an hourly rate of $325.00 for J.H. Zidell, $300.00 for David Kelly, $215.00 for Daniel Feld, $225.00 for Ian Brody, $250.00 for Josh Olmstead and $200.00 for CC[1]. Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal

---

[1] In the Plaintiff's Motion for Attorney Fees and Costs Pursuant to 29 U.S.C. §216(B) and Local Rule 7.3 and Request for a Fee Multiplier (DE# 63 4/6/12), the plaintiff requests reimbursement for an attorney with the initials "CC," but does not identify the name of the individual associated with those initials.

community who are familiar with the type of legal service provided and the prevailing market rate for such work. Norman, 836 F.2d at 1299. Furthermore, the court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem expanded. Id. at 1303 (citing Davis v. Bd. of Sch. Comm'rs of Mobile Cnty., 526 F.2d 865, 868 (5th Cir. 1976)). The plaintiff requests reimbursement for 1.3 hours for an attorney with the initials CC for a total of $260.00. However, even though the entry appears on the itemized time sheet and is included in the total fee request, the Motion for Fees and Costs does not explain who CC is, nor does the motion describe CC's experience. In Arias v. Alpine Towing, Inc., No. 10-20434-CIV., 2011 WL 4102530, at *4 (S.D. Fla. Sept. 15, 2011), a Fair Labor Standards Act case, hourly rates of $325.00 per hour for Mr. Zidell, $300.00 per hour for Mr. Kelly and $175.00 for Mr. Feld were found to be reasonable and similar to the rates charged by similarly experienced, skilled and educated attorneys in the South Florida area. Having considered and weighed the evidence, counsels' reputation and experience in the areas of the applicable law and the Court's familiarity with FLSA litigation and attorneys' fees in general, the undersigned finds that the hourly rates of $325.00 for J.H. Zidell, $300.00 for David Kelly, $215.00 for Daniel Feld[2], $225.00 for Ian Brody and $250.00 for Josh Olmstead are reasonable. The undersigned will not allow any fees for CC because it cannot be determined if the hourly rate for CC is reasonable. The defendants argue that the plaintiff's motion fails to provide the

---

[2]The rate for Mr. Feld awarded here is $40.00 more per hour than the rate that was awarded in the Arias case. 2011 WL 4102530, at *4. The undersigned finds that in the time that has passed since the Arias case, a $40.00 per hour rate increase for Mr. Feld is reasonable.

experience and qualification for the other attorneys who worked on the case and the number of hours reasonably expended by each attorney. The undersigned finds, however, that the plaintiff has adequately done both in the motion. The total number of hours requested for each attorney, their hourly rates, and the total fee amount requested for each attorney is outlined in the chart below.

| Attorney | Hours | Hourly Rate ($) | Total |
|---|---|---|---|
| J.H. Zidell, P.A. | 63.8 | $325.00 | $20,735.00 |
| Daniel Feld, Esq. | 24.2 | $215.00 | $5,203.00 |
| Karl David Kelly, Esq. | 7.0 | $300.00 | $2,100.00 |
| Ian Brody, Esq. | 21.0 | $225.00 | $4,725.00 |
| CC | 1.3 | $200.00 | $260.00 |
| Josh Olmstead, Esq. | 2.5 | $250.00 | $625.00 |
|  | **119.8 hrs** |  | **$33,648.00** |

2. Hours Reasonably Expended

The Court must next evaluate the plaintiff's requested fee for reasonableness in terms of the total hours expended by plaintiff's counsel. The plaintiff requests a total of 119.80 hours for the work done in this matter, including the time expended at trial, for a total requested reward of $33,648.00. The plaintiff supports his motion by submitting an itemized time sheet. (DE# 63-3, 4/06/12).

This Court must exercise independent judgment when reviewing a claim for

9

hours reasonably expended.  See Norman, 836 F.2d at 1301-02.  It is important to keep accurate and current records of work done and time spent on a case, especially when a third party, i.e., someone other than the client, may pay the bills.  See Hensley, 461 U.S. at 437.  "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." Nat'l Ass'n. of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1327 (D.C. Cir. 1982).  It is necessary for attorneys to identify the subject matter of his/her time expenditures.  Hensley, 461 U.S. at 437.  If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary", the court may reduce the number of hours for which fees will be awarded.  Florida Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985); see also Loper v. New York City Police Dep't, 853 F.Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous records have not been kept, the court should not award the full amount requested"). The defendants argue that the plaintiff's attorneys double billed on various occasions and that it was not necessary to have two attorneys attend calendar call or trial.

    The undersigned finds that the time records in the case are adequate, and that the amount of time spent by the attorneys for the plaintiff in this matter is reasonable, especially for a case that went to trial.  The undersigned finds, however, that because the plaintiff did not provide adequate information as to CC, the $260.00 requested for CC should not be awarded and the fee request should be reduced to $33,388.00.

C. Fee Enhancement

The plaintiff requests a fee enhancement in this case. (DE# 63, 4/16/12, at p. 5). The plaintiff argues that such an enhancement is justified because: 1) the result obtained for plaintiff was exceptional based on his claims for overtime; and 2) a fee request of under $35,000.00 to handle the plaintiff's overtime claims should be determined to be a very efficient handling of this case. Id.

Courts may make upward adjustments to the lodestar product in light of "the quality of work performed as evidenced by the work observed, the complexity of the issues and the recovery obtained." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 563, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986) (citing Merola v. Atlantic Richfield Co., 515 F.2d 165, 168 (3rd Cir. 1975)). However, the Supreme Court has found that there is a strong presumption that the lodestar product is the "reasonable fee to which counsel is entitled." Id. at 564 (quoting Blum, 465 U.S. at 897). The factors the court may consider for purposes of awarding a fee multiplier are generally encompassed within the initial calculation of the lodestar. Id. at 565 (citing Blum, 465 U.S. at 898-900) (explaining that "results obtained" are presumably incorporated in the lodestar amount, and should therefore not be an independent basis for increasing the fee award.). Fee multipliers may be warranted only in "rare" and "exceptional" cases, supported by both "specific evidence on the record and detailed findings by the lower courts." Id. at 565.

The factors subsumed in the lodestar calculation cannot be used as a ground for increasing an award above the lodestar. Perdue v. Kenny A. ex rel. Winn, 130 S.Ct.

1662, 1669 (2010). Additionally, the party requesting a fee enhancement has the burden of explaining with specificity why a multiplier is justified. Id. The undersigned finds this case does not constitute the type of rare and exceptional circumstances for which fee multipliers are justified. Plaintiff's counsel having obtained results for the plaintiff that were exceptional based on his claims for overtime is unpersuasive to allow for a fee enhancement because the success of plaintiff's counsel is already taken into consideration in the Court's lodestar computation. Plaintiff's counsel is complimented for his efficient handling of this matter, however, the plaintiff's argument that he is entitled to a fee enhancement because of counsel's efficient handling of the case is unpersuasive because efficiency is an essential component of the lodestar calculation. Accordingly, a fee enhancement is not warranted in this matter.

For the above stated reasons, the plaintiff's request for a fee multiplier is DENIED.

In accordance with the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiffs' Verified Motion for Attorney's Fees and Costs Pursuant to 29 U.S.C. §216(b) and Local Rule 7.3 and Request for a fee multiplier (DE# 63, 4/06/12) is GRANTED in part and DENIED in part in accordance with this Order and the plaintiffs are awarded $1,654.85 in costs and $33,388.00 in

fees. The Court will enter a judgment as to the attorney's fees and costs in the total amount of $35,042.85.

DONE AND ORDERED in Chambers at Miami, Florida this 17th day of July, 2012.

*/s/ John J. O'Sullivan*

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:
All counsel of record